MARY E. CASEY ET AL., APPELLEES, v. COUNTY OF BURT ET AL., APPELLANTS.

FILED FEBRUARY 9, 1900. No. 11,025.

1. Statute: DRAINAGE OF SWAMP LAND: JURISDICTION OF COUNTY BOARD: COMMON-LAW BOND. The provisions of section 4, article 1, chapter 89, Compiled Statutes, relating to drainage of swamp lands, must be strictly complied with before a county board can acquire jurisdiction to establish and construct a drain thereunder; and a bond that fails to comply with the provisions of said section 4 is void, and confers no jurisdiction upon the board to act, although such bond may be a good common-law bond.

2. Void Tax Unenforceable. A tax levied in a void proceeding is unenforceable.

3. **Delay: LACHES: NOTICE.** Mere delay of a party in proceeding against a void tax will not constitute laches, particularly when the record fails to show affirmatively that he had notice of the levy.

ERROR from the district court of Burt county. Tried below before BAKER, J. *Affirmed:*

*H. H. Bowes* and *W. G. Sears,* for appellants.

*H. W. Pennock, contra.*

NORVAL, C. J.

In 1885 one L. D. Peterson, with others, filed in the office of the county clerk of Burt county a petition praying for the establishment of a ditch in said county, under the provisions of article 1, chapter 89, of the Compiled Statutes, 1897. Accompanying said petition was a bond, a copy of which follows:

"Know all men by these presents, that we, Lewis Peterson and J. P. Morden, all of the county of Burt, state of Nebraska, are held and firmly bound unto the county of Burt in the state of Nebraska, in the sum of two hundred dollars lawful money of the United States, for the payment of which well and truly to be made, we do jointly and severally bind ourselves and our lawful representatives. The conditions of the above obligation are such, that, whereas Lewis Peterson et al did on the 26th day of May A. D. 1885, file a certain petition with the county clerk of Burt county, Nebraska, praying that the county commissioners of said county would cause a view and the location of a ditch running partly through township 21, 22, and 23, all in range 11, Burt county, Nebraska.

"Now, if upon view of said route in said petition described the said commissioners shall find in favor of the location of said ditch, then this obligation shall be void, otherwise to be and remain in full force and effect.

"Dated this 2d day of June A. D. 1885.

"L. D. PETERSON.
"J. P. MORDEN."

44

No other bond was filed in said proceeding. After the filing of said petition and bond, other steps prescribed in said chapter 89 were taken, and said ditch was established and completed, the same being extended, however, more than 160 rods beyond one of the termini designated in the petition, and assessments were levied upon the land affected thereby. Among the owners of land so affected was one Jacob Darst. Afterwards, title to this land vested in Mary E. Casey, Laura D. Barnard, Lizzie Darst and Allora Darst, who commenced this suit in said Burt county, seeking to enjoin the treasurer thereof from collecting the tax so imposed, and to remove the cloud of such levy from the title to said land on the ground that said bond is not in conformity with the provisions of section 4 of article 1 of said chapter 89; that the commissioners changed the route of the ditch more than said statute permitted; and that the provisions of said chapter are unconstitutional and void. On the trial of the case below, a decree was rendered in favor of plaintiffs as prayed in their petition, and the defendants appeal therefrom.

If any of the objections urged against said bond in the lower court are valid to the extent that such bond must be declared to be void, the decree must be affirmed. We will, therefore, proceed to examine some of such objections. In *Dakota County v. Cheney*, 22 Nebr., 437, this court decided that the jurisdictional steps necessary in a proceeding to establish and construct a ditch and levy a tax under the provisions of said chapter are as follows: First, a petition; second, a bond; third, that the proposed improvement is a necessity, and will be conducive to the convenience, health and welfare of the public; fourth, statutory notice. A bond is, therefore, a jurisdictional prerequisite; and if the bond in question is void, the county commissioners were without jurisdiction to levy such tax, and all their acts in such proceeding were void. Under section 4 of said article and chapter, a petition for such improvement must be filed with the county clerk,

setting forth certain facts, and accompanied by a good
and sufficient bond signed by two or more sureties, to be
approved by the county clerk, conditioned for the pay-
ment of all costs that may occur in case said board of
county commissioners shall find against such improve-
ment.   It will be observed, by reading the bond filed in
the proceeding, that the conditions thereof do not comply
with those prescribed in said statute, and such fact is
conceded by counsel for appellants; but it is claimed that
it is a good common-law bond, and that, if it is, it is suffi-
cient to confer jurisdiction upon the county commis-
sioners, at least, in the absence of objections to its suffi-
ciency.   It is a principle of law well established by the
decisions of this court that statutes of the nature of the
one in question are to be strictly construed, and that, in
order to sustain assessments levied under the provisions
of such enactments, the record must affirmatively show a
compliance with all the conditions essential to a valid ex-
ercise of the taxing power.   See *Harmon v. City of Omaha*,
53 Nebr., 164; *Smith v. City of Omaha*, 49 Nebr., 883.
Therefore, before a county board can acquire jurisdiction
of a proceeding of this nature, a bond complying strictly
with the provisions of section 4 of said chapter must be
filed and approved.   With the provisions of this section,
the bond in several important respects fails to conform.
There are no sureties on the bond; the liability of the
principals is limited to a specific sum, and it is not condi-
tioned for the payment of the costs that may occur in
case the board finds against such improvement, as the
statute requires, but only provides that if, upon view of
said route in the petition described, the commissioners
shall find in favor of the location of said ditch, then the
obligation to be void, otherwise to be in force.   If such
a bond is upheld in this case, there could be no reason
why a bond providing a penalty limited to one cent, or to
nothing, should not also be sustained.   Under the con-
ditions of the bond filed, it can be seen that, although the
county board might have determined in favor of the loca-

tion of the ditch, it might have decided against the improvement, on the ground that it was not necessary, or that it was not conducive to the public convenience, health or welfare; still the bond would not have been enforceable, and the county would have had recourse on no one for the expense and cost of such proceeding. We know of no rule of law that would so truly subserve the interests of both the public and the taxpayer as the one heretofore announced, which is that a strict compliance with the provisions of statutes of this nature must be shown before the benefits or rights sought to be secured under it can be obtained or enforced. It being plain, therefore, that this bond failed in many respects to comply with the provisions and requirements of said section 4, it must be held to be void; for which reason jurisdiction over the matter was not acquired by the county board, and its acts thereunder, including the levy of the tax upon the land of plaintiffs, were void and of no effect. It is urged, however, that even if the bond be void, the plaintiffs are estopped from proceeding against the tax, they being guilty of laches in permitting so long a time to elapse between the levy and the commencement of the suit. There is no evidence in the record that either they or their grantor had notice of the proceedings complained of. Furthermore, the proceedings in the matter were void, not merely irregular; and we do not perceive that there was imposed upon them any duty to act promptly in the matter. See *Harmon v. City of Omaha, supra.*

The conclusion reached makes it unnecessary to discuss other questions raised in the briefs of counsel. The decree of the lower court is, therefore,

AFFIRMED.